IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY HAMAL and JOHN HAMAL, | |
| Plaintiffs, | Case No. 16 C 10159 |
| v. | Judge Sharon Johnson Coleman |
| SETERUS, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Betty and John Hamal ("the Hamals") filed a two count complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, arising from a mortgage loan serviced by defendant Seterus, Inc. Seterus moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for sanctions against the Hamals for bringing a baseless complaint. For the reasons set forth below, this Court grants in part and denies in part the motion.

**Background**

The Hamals' two count complaint alleges that in 2010 the Hamals obtained a mortgage loan from Bank of America secured by property they owned at 4111 West Lake Avenue in Glenview, Illinois. (Dkt. 1 at ¶9). The Hamals had two mortgage loans serviced by Bank of America, and sometime in 2014 Bank of America erroneously applied a payment on one account to the other account. (*Id.* at ¶10). The error resulted in a delinquency appearing on the loan account that is at issue in this case. The Hamals allege that they notified Bank of America of the error and disputed the delinquency. Sometime in early 2014, due to a miscommunication between the Hamals and Bank of America, the bank paid property taxes on behalf of the Hamals even though taxes were not escrowed through the account. (*Id.* at ¶13). The Hamals also paid taxes on the same property. On October 31,

1

2014, counsel for the Hamals notified Bank of America that she was authorized to represent the Hamals in dealing with Bank of America. (*Id.* at ¶11).

On September 30, 2014, Bank of America transferred the servicing rights on the loan to Seterus, Inc. (*Id.* at ¶12). Due to the error in the payment of taxes, the loan was delinquent when Seterus began servicing it. (*Id.* at ¶14). By December 2014, the Hamals allege that they had resolved the tax issue. Bank of America corrected the tax issue in May 2015.[1] (*Id.* at ¶15). The statements that the Hamals received from Seterus continued to show a delinquency on the loan. (*Id.* at ¶¶14, 16, 17). The Hamals also allege that began receiving numerous telephone calls from Seterus demanding payment on the delinquencies. (*Id.* at ¶17).

The Hamals allege that they immediately disputed the delinquencies with Seterus, and further allege that Bank of America contacted Seterus to notify it of the erroneous delinquent payments. (*Id.* at ¶18). The Hamals attach a fax to their complaint from Bank of America to Seterus dated June 23, 2015, alerting Seterus to the error and requesting that Seterus correct it. (Dkt. 1-1, Ex. B at p. 3). The Hamals allege that Seterus did not correct the error and continued to call them regarding the delinquent payment until November 2015. (*Id.* at ¶19). Seterus refunded late fees and charges on the account after the property was sold in December 2015. (*Id.* at ¶¶20, 21). The Hamals assert that their credit was negatively impacted by the delinquent payment having been reported to a credit agency. (*Id.* at ¶¶22, 23).

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant

---

[1] The Court assumes that Bank of America remained holder of the mortgage note, but simply no longer serviced the loan.

with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Discussion**

Seterus moves to dismiss both counts of the complaint with prejudice for failure to state a claim. In count I, the Hamals allege that Seterus violated the FDCPA by contacting them directly after September 23, 2014, rather than through counsel by issuing telephone calls, and monthly statements, and by repeatedly contacting them with false representations as to the amounts purportedly owed despite being aware that the payments were not in arrears. Seterus argues that the Hamals fail to allege that the loan is "debt" within the meaning of the FDCPA.

The FDCPA provides consumer protection for "debt," which the statute defines as any consumer obligation to pay money arising out of a transaction that is "primarily for personal, family, or household purposes…" 15 U.S.C. §1692a(5). The "relevant point in time for determining the character of the debt is when the loan is made." *Typpi v. PNC Bank, Nat'l Ass'n*, No. 13 CV 3930, 2014 WL 296035, at *3 (N.D. Ill. Jan. 27, 2014) (citing *Miller v. McCalla, Raymer, Padrick, Nichols & Clark, L.L.C.*, 214 F.3d 872, 874–75 (7th Cir. 2000) (explaining that courts assess the debt at issue under the FDCPA "when it arose rather than when it is to be collected")). The Hamals must therefore sufficiently allege that the loan here was primarily for personal use in September 2010 when they obtained the mortgage.

Seterus argues that the Hamals have insufficiently alleged that the loan is consumer debt and the loan at issue is a commercial debt. This Court agrees. The claim as alleged does nothing more than recite the language of the statutory definition of "debt". Both parties refer to *Typpi v. PNC Bank, Nat'l Ass'n*, to support their position. In that case, the plaintiff alleged the property was a residential

transaction for his personal use and the court deemed that allegation acceptable despite the plaintiff admitting that he later rented out the house. The plaintiff there offered documentation that showed the subject property and his address were the same. *Typpi*, 2014 WL 296035, at *3. The court, quoting the Seventh Circuit, stated "where the 'relevant transactions' concern the purchase of 'family homes ... on that general level, there can be little doubt that the subject of those transactions had a personal, family or household purpose.'" *Id.* at *4 (quoting *Newman v. Boehm, Pearlstein & Bright, Ltd.,* 119 F.3d 477, 481 (7th Cir. 1997)).

Unlike in *Typpi*, the Hamals do not assert that the loan arose from a residential transaction for their personal use. They do not even argue that the subject property was to be their home or residence. Indeed, a letter from Seterus to the Hamals that they attached to the complaint was not sent to presumably their home address that differs from the subject property. *See* Dkt. 1-1, Ex.C. They argue in their response brief that their son lived at the property for a period of time, but do not state when or for what length of time. As Seterus points out, the Hamals recorded the deed to the property with a 1-4 Family Rider("Assignment of Rents") form, which is used for investment properties.[2] Commercial or business loans are not subject to the protections of the FDCPA. *Cf. Miller*, 214 F.3d at 875 (reasoning that if a borrower were to assign a loan obtained for personal use to finance a business, then the [FDCPA] would be inapplicable because the debt would arise from the assignment for commercial or business use). Thus, the complaint does not sufficiently allege that the loan at issue constituted a consumer debt within the meaning of the FDCPA. This Court dismisses Count I without prejudice.

In Count II, the Hamals assert that Seterus violated section 1681s-2(a)(1)(A) by reporting the supposed delinquency on the loan to a Credit Reporting Agency with actual knowledge that the loan was not in arears. This Court must dismiss this claim because there is no private right of action under

---

[2] Seterus attached to its memorandum in support of the motion the Hamals' mortgage as recorded with Cook County Recorder of Deeds, including the 1-4 Family Rider. Dkt. 13-1 at 16. This Court considers this document as part of the pleadings because the document is central to the claims and the Hamals refer to the mortgage in their complaint. *See, e.g., McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

4

this section of the FCRA. *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011) (noting that although the plaintiff's "claim arises under § 1681s–2(a), that section does not create a private right of action"); *see also Perry v. First National Bank,* 459 F.3d 816 (7th Cir.2006). Accordingly, this Court dismisses Count II with prejudice.

Seterus also moves for sanctions, arguing that the Hamals claims are so lacking in legal and factual support as to be vexatious and indicative of an improper motive. This Court declines to impose sanctions here. While the pleadings are insufficient and conclusory, Rule 12(b)(6) exists for the purpose of dismissing pleadings of this sort. Furthermore, the Court will allow the Hamals an opportunity to cure the defects in the complaint. "In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, *see, e.g., Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir.2013), denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 518 (7th Cir. 2015). Accordingly, this Court denies Seterus' motion for sanctions.

**Conclusion**

Based on the foregoing, this Court grants Seterus' Motion to Dismiss [12]. Count I is dismissed without prejudice and Count II is dismissed with prejudice. This Court denies Seterus' Motion for Sanctions [12]. The Hamals may file an Amended Complaint conforming to this Order within 21 days. IT IS SO ORDERED.

ENTERED:

Dated:  _____
SHARON JOHNSON COLEMAN
United States District Judge